UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER PERDUE,

    Plaintiff,

v.                      Case #_____

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____/

# COMPLAINT

The Plaintiff, JENNIFER PERDUE, sues the Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (PRUDENTIAL) and states:

## Jurisdiction and Venue

1. This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.

2. This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. § 1132.

3. PRUDENTIAL is an insurance company headquartered in New Jersey, licensed to transact business in Florida, which is or was at all relevant times engaged in business in this District.

4. PERDUE is a resident of Woodstock, GA.

5. PERDUE is a former employee of AHA Consulting Engineers, Inc, a business headquartered in Lexington, MA, doing business in Georgia.

6. Venue is proper in this District.

## Governing Plan

7. PERDUE is and/or was a participant in each of the plans, funds, programs, or arrangements described herein, or in the alternative, was at all times relevant a participant in each of the plans, funds, programs, or arrangements described herein.

8. At all relevant times, PERDUE was a participant in an employee benefit plan (hereafter referred to as "the Plan"), sponsored by AHA Consulting Engineers, Inc.

9. AHA Consulting Engineers, Inc. funded its Plan by purchasing a group policy of insurance (Group # PBIV-03) issued by PRUDENTIAL. A copy is attached hereto Exhibit "A" and is incorporated by reference.

## The Long Term Disability Claim

10. PERDUE is a former employee of AHA Consulting Engineers, Inc.

11. PERDUE made a claim for Long Term Disability benefits under the Plan after she was forced to stop working due to a combination of restrictions and limitations resulting from numerous conditions including but not limited to: neck, back and leg pain. She also has numbness/tingling in her upper extremities and lower extremities. She could not continue working in her own occupation or any occupation.

12. PERDUE made a claim for Long Term Disability benefits under the Plan. PRUDENTIAL determined that she was disabled and paid her benefits from 2016 until March 22, 2018.

13. PRUDENTIAL terminated PERDUE's benefits in March 2018 and PERDUE filed a timely appeal on August 17, 2018.

14. PRUDENTIAL upheld this termination of PERDUE's benefits in an October 17, 2019 letter.

15. PRUDENTIAL claims PERDUE does not meet the definition of disability stated in the insurance policy which funds the Plan. That definition states:

> *How Does Prudential Define Disability?*
>
> *You are disabled when Prudential determines that:*
> - *you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury, and*
> - *you are under the regular care of a doctor. and*
> - *you have a 20% or more loss in your monthly earnings due to that sickness or injury.*
>
> *After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:*
> - *you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience: and*
> - you are under the regular care of a doctor.
>
> ***Gainful occupation*** *means an occupation, including self employment, that is or can be expected to provide you with an income within 12 months of your return to work, that exceeds:*
> - *60% of your **indexed monthly earnings,** if you are working; or*
> - *60% of your monthly earnings, if you are not working.*

> ***Indexed monthly earnings*** *means your monthly earnings as adjusted on each July 1 provided you were disabled for all of the 12 months before that date. Your monthly earnings will be adjusted on that date by the lesser of 10% or the current annual percentage increase in the Consumer Price Index. Your indexed monthly earnings may increase or remain the same, but will never decrease.*

16. PERDUE filed a timely appeal on April 10, 2019

17. PERDUE's various conditions are either unchanged or have progressively worsened since PRUDENTIAL originally approved her claim in 2016.

18. PRUDENTIAL failed to rely on PERDUE's treating doctors who have not release her back to work in any capacity.

19. PERDUE underwent a Functional Capacity Evaluation on May 30, 2018, and May 31, 2018, that found the following objective restrictions and limitations:

- Only able lift 10 lbs. from shin to waist or overhead;
- Only able to lift up to 10 lbs. waist to shoulder level;
- Only able to carry up to 10 lbs. with two hands;
- Unable to maintain or tolerate the positions of stoop, crouch, kneel, balance, and prolonged standing to perform bimanual handling;
- Unable to lift, carry or stand for more than 1-2 hours total over an 8-hour day;
- Unable to walk one city block;
- Balance problems while walking;
- Unable to crouch or kneel;
- Only able to stand for 5-10 minutes;
- Unable to stand and walk for 2 hours in an 8-hour day;
- While standing or walking, touch support needed for balance;
- Off task due to limitation and pain more than 30% of an 8-hour day;
- Only able to set LESS than 30% of an 8-hour day.

20. PERDUE underwent a vocational assessment with Ashley Johnson, MS, CRC, CLCP on February 8, 2019 who opined Ms. Perdue was unable to perform her past work or any work in the national economy. The main reason for this opinion is sedentary work requires a worker to be able to sit at least 6 hours in an 8-hour workday. Ms. Perdue is unable to even sit 30% of an 8-hour workday which is approximately 2 hours per day.

21. PERDUE is unable to meet the demands or requirements of any occupation due to the restrictions and limitations outlined by her physicians.

22. PERDUE is not able to earn 60% or more of her Indexed Earnings.

23. PERDUE has not been released back to work in any capacity.

24. PERDUE was deemed disabled by the Social Security Administration on June 13, 2019. The Notice of Decision – Fully Favorable is attached as Exhibit "B".

### PRUDENTIAL's failure to make a decision is a deemed denial.

25. Upon initiation of a Long Term Disability claim, a claims administrator has 45 days with which to make a determination. 29 C.F.R. § 2560-503.1(i)(3). This period of time "shall begin at the time an appeal is filed . . . without regard to whether all the information necessary to make the benefit determination on review accompanies the filing" 29 C.F.R. § 2560-503.1(i)(4)).

26. A claims administrator may extend the period for up to 45 days, and in no event shall the extension exceed a period of 45 days. 29 C.F.R. § 2560.503-1(i)(1)(i); 29 C.F.R. § 2560.503-1(i)(3).

27. Based upon the date the appeal package was sent, April 10, 2019, the 45th day to either decide her claim or request an extension was May 25, 2019. The fax transmittal confirmations and UPS delivery reconfirmation are attached as composite Exhibit "C".

28. On May 23, 2019 PRUDENTIAL requested a 45 day extension in compliance with the regulation resulting in PRUDENTIAL's deadline to decide the claim as July 9, 2019.

29. On June 25, 2019 PRUDENTIAL called the undersigned counsel and requested an extension of time outside of the 90 day deadline as outline by the regulation due to the recent approval of PERDUE's Social Security Disability claim.

30. The undersigned counsel agreed to an extension through and including July 15, 2019 for PRUDENTIAL to render a decision on PERDUE's appeal.

31. PRUDENTIAL's decision was due on July 15, 2019.

32. As of the date of filing this Complaint, July 22, 2019, PRUDENTIAL still had not reached a decision on PERDUE's claim in violation of the Regulations.

33. PERDUE's claim is deemed denied by PRUDENTIAL's failure to make a decision within the regulations outlined by 29 C.F.R. § 2560-503-1.

34. Under 29 C.F.R. § 2560.503-1(l), when PRUDENTIAL does not follow the regulated deadlines, PERDUE's claim is deemed to have exhausted all administrative remedies.

35. PERDUE is prejudiced by PRUDENTIAL's failure to make a timely decision.

36. De novo review applies to this action by virtue of PRUDENTIAL's violation of 29 C.F.R § 2560.503-1.

**Standard of Review Unrelated to Untimely Claim Decision**

37. The group policy was drafted in its entirety by PRUDENTIAL.

38. The group policy is a contract of adhesion.

39. AHA Consulting Engineers, Inc and PRUDENTIAL use the group insurance policy (Exhibit A) as both the Plan document and policy language.

40. No other plan documents exist other than the group insurance policy (Exhibit A).

41. No originating plan document exists which instituted the PRUDENTIAL disability plan.

42. No originating plan document or other document exists in which AHA Consulting Engineers, Inc reserved any discretionary authority to itself in relation to the PRUDENTIAL disability plan.

43. The employees or agents of AHA Consulting Engineers, Inc and PRUDENTIAL did not discuss or correspond about the existence, meaning, or significance of delegating discretionary authority from AHA Consulting

Engineers, Inc to PRUDENTIAL before purchasing the group insurance policy to fund its disability plan.

44. At the inception of its disability plan, AHA Consulting Engineers, Inc did not retain to itself the authority to delegate discretionary authority of any type to an insurance company from which it was to purchase an insurance policy to fund the Plan.

45. At the time it purchased the group disability insurance policy from PRUDENTIAL, AHA Consulting Engineers, Inc did not have any discretionary authority which it could delegate to an insurance company.

46. The group disability insurance policy was drafted entirely by PRUDENTIAL.

47. No document prepared by PRUDENTIAL delegates any discretionary authority to AHA Consulting Engineers, Inc

48. There is no mention of any delegation of discretion within the four corners of the Long Term Disability insurance policy.

49. AHA Consulting Engineers, Inc was not delegated discretionary authority such that its claim decision is entitled to a discretionary or arbitrary and capricious standard of review, because or one or more of the following:

a) PRUDENTIAL never had the authority to delegate discretion to AHA Consulting Engineers, Inc following the inception of its disability plan;

      b)     Discretionary authority is a material concept that PRUDENTIAL never discussed with AHA Consulting Engineers, Inc;

      c)     The group insurance policy is a contract of adhesion drafted entirely by the funding source company which cannot inject discretion into the plan for the first time;

      d)     If it had power to delegate discretion, PRUDENTIAL did not properly delegate discretionary authority over claims decisions to AHA Consulting Engineers, Inc; or

50.     De novo review applies to this action.

51.     To the extent that this court determines that de novo review does not apply to this action, PRUDENTIAL pays claims from its own general assets as the claims decision maker and funder of the group insurance policy and AHA Consulting Engineers, Inc operates under a conflict of interest.

52.     PRUDENTIAL is the Plan's claims administrator; handling claims under the insurance policy.

53.     Any claims paid under the group insurance policy, are paid by PRUDENTIAL entirely from PRUDENTIAL's assets.

54.     No assets of AHA Consulting Engineers, Inc are used to pay claims under the group insurance policy.

## **Benefits at Issue**

55.     PERDUE is entitled to benefits under the Plan consisting for Long Term Disability since the date of termination, March 22, 2018, through

the date of filing this action, as he has met the definition of disability based upon restrictions and limitations related to his impairments.

56. Benefits under the group disability insurance policy are calculated at a rate of 60% of PERDUE's gross basic monthly earnings.

57. As of the date of filing this action, PRUDENTIAL owes PERDUE a total of 16.03 monthly benefit payments for an aggregate sum of $ 17,700.80.

58. Plaintiff is entitled to benefits herein because:

(a) The benefits are permitted under the Plan.

(b) Plaintiff has satisfied all conditions to be eligible to receive the benefits.

(c) Plaintiff has not waived or otherwise relinquished entitlement to the benefit.

59. Each monthly benefit payment owed since March 22, 2018 is a liquidated sum and became liquidated on the date the payment was due and payable. Plaintiff seeks pre-judgment interest on each such payment.

60. Pursuant to ERISA § 502(g), 29 U.S.C. §1132(g), PERDUE is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent him in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

**WHEREFORE**, the Plaintiff, JENNIFER PERDUE, asks this Court to enter judgment against the Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, finding that:

(a) The Plaintiff is entitled to Long Term Disability benefits from through the March 22, 2018 filing of this lawsuit; and

(b) Awarding benefits in the amount not paid to the Plaintiff from March 22, 2018 to the date of filing this lawsuit - a total of $17,700.80, together with pre-judgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid, and declare entitlement to any additional benefits owed to Plaintiff from the time of filing this Complaint to the time of Judgment in this action; and

(c) Award reasonable attorney fees and costs incurred in this action; and

(d) For such other and further relief as this Court deems just and proper, including but not limited to:

1. a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and

2. remanding Plaintiff's claim to the Plan Administrator for further action to address continuing benefits after the final date of benefits awarded by this Court, and

    3.  ordering Defendant to advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for purposes of coordinating or reinstating any ancillary benefits which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

DATED this 22th day of July 2019.

      *William C. Demas*
      WILLIAM C. DEMAS, ESQUIRE
      Florida Bar # 0421920
      JOHN V. TUCKER, ESQUIRE
      Florida Bar # 899917
      TUCKER LAW GROUP, P.A.
      5235 16th Street North
      St. Petersburg, Florida 33703
      Tel.: (727) 572-5000
      Fax: (727) 571-1415
      tucker@tuckerlawgroup.com
      demas@tuckerlawgroup.com
      Attorneys and Trial Counsel for Plaintiff